UNITED STATES BANKRUPTCY COURT
                    FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| WALTERMAN IMPLEMENT, INC., ) | |
| ) | Bankruptcy No. 05-07284 |
| Debtor. ) | |
| ) | |
| RENEE K. HANRAHAN, Trustee, ) | |
| ) | Adversary No. 07-09146 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| U.S. DEPARTMENT OF THE ) | |
| TREASURY and INTERNAL REVENUE ) | |
| SERVICE, ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**
**(Docs. 13 and 21)**

This matter came before the undersigned on August 22, 2008 pursuant to assignment. Attorney Eric Lam appeared for Plaintiff/Trustee Renee Hanrahan. Attorney LaQuita Taylor-Phillips appeared for the United States Department of Treasury and the Internal Revenue Service ("the United States"). After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Trustee's complaint seeks to recover as a fraudulent transfer $198,466.97 Debtor paid to the IRS for Leon and Lynda Walterman's personal income taxes. Trustee moves for partial summary judgment on the issue of whether Debtor received any value in return for paying the Waltermans' taxes. The United States does not resist Trustee's Motion for Summary Judgment. It concedes Debtor did not receive reasonably equivalent value in exchange for the funds it paid for the Waltermans' personal taxes.

The remaining issue is the United States' cross-motion for summary judgment on the issue of Debtor's insolvency on the date of the transfer, December 30, 2004 when the check was issued or

January 10, 2005 when it cleared the bank. The United States asserts documented evidence shows Debtor was solvent until at least January 31, 2005. Debtor's 2004 federal tax return and January 31, 2005 Balance Sheet show Debtor's assets exceeded its liabilities.

Trustee resists. She argues insolvency requires a factual inquiry. The Court should also consider Trustee's expert's report and testimony, which create issues of fact regarding insolvency. The United States responds that the expert report should be stricken as it fails to provide the basis for the expert's opinion and does not contain any supporting exhibits. It argues an unsupported expert opinion does not defeat summary judgment.

**CONCLUSIONS OF LAW**

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. This rule provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Essentially, summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party. Id. at 249. When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

This Court has recently noted that, in general, insolvency under § 548 is a question of fact. In re Hung, 387 B.R. 766, 768 (Bankr. N.D. Iowa 2008); In re Prime Realty, Inc., 380 B.R. 529, 534 (B.A.P. 8th Cir. 2007). "It is a fact-intensive determination requiring review of an entity's financial records and status at the time of the transfers." Hung, 387 at 768, citing, Jones Truck Lines, Inc. v. Full Serv. Leasing Corp., 83 F.3d 253, 258 (8th Cir. 1996); see also In re Walterman, 2007 WL 2917260, at *2 (Bankr. N.D. Iowa Oct. 5, 2007) (denying Trustee's motion for partial summary judgment on the issue of insolvency in Adv. 07-09043).

    The United States asserts that a balance sheet and a tax return conclusively show Debtor was solvent during the relevant time period. Trustee controverts that evidence with a report and testimony by an expert witness, accountant James Brems, and asserts this creates a genuine issue of material fact. Because the issue of Debtor's insolvency is in dispute, the Court finds summary judgment is not appropriate.

    The United States' Reply Brief asserts Trustee's expert witness report should be stricken. The Court will not rule on this issue in the context of the United States' Cross-Motion for Summary Judgment. The United States is not barred, however, from raising this argument by separate motion.

    **WHEREFORE**, without resistance by the United States, Trustee's Motion for Summary Judgment (Re: No Value) (Doc. 13) is GRANTED.

    **FURTHER**, the United States' Cross-Motion for Summary Judgment (Doc. 21) is DENIED.

    DATED AND ENTERED:

    August 28, 2008.

---

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE